UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00314-WLH-MAR | Date | February 17, 2026 |
|---|---|---|---|
| Title | *Miajudith Viray v. Porsche Cars North America, Inc.* | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

The Court is in receipt of Plaintiff Miajudith Viray's Motion to Remand (the "Motion"). (Mot., Dkt. No. 12). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 8 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for February 27, 2026, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion.

I.    **BACKGROUND**

Plaintiff filed the instant action on December 2, 2025, in the Superior Court of California, County of Los Angeles against Defendant Porsche Cars North America, Inc ("Porsche" or "Defendant"). (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserts causes of action under the Song-Beverly Consumer Warranty Act for breach of express warranty, breach of the implied warranty of merchantability, fraudulent concealment, and violation of California Civil Code section 1750 *et seq.* (Notice, Ex. A,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Compl. ¶ 1). The Complaint and Summons were served on Porsche on December 12, 2025. (Notice, Ex. A). On January 5, 2026, Plaintiff filed his First Amended Complaint. (Notice, Ex. B). On January 12, 2026, Porsche removed the action to this Court. (*See generally*, Notice). Because Plaintiff is domiciled in California, Porsche is a resident of both Delaware (its state of incorporation) and Georgia (its principal place of business), and an amount in controversy of over $75,000 exists, Porsche argues removal here is proper by reason of diversity jurisdiction. (Notice at 3-4).

Plaintiff filed the instant Motion to Remand on January 27, 2026, arguing removal is improper because Porsche is "unable to meet its burden to establish the $75,000 minimum amount in controversy." (Mot. at 4, Dkt. No. 12). On February 6, 2026, Porsche timely opposed the Motion (Opp'n, Dkt. No. 21), and Plaintiff timely replied to the Opposition (Reply, Dkt. No. 17).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For purposes of diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)–(a)(1). "[T]he burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

709, 712 n.3 (9th Cir. 1990)).  The removing defendant bears the burden of establishing original jurisdiction.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

**III.   DISCUSSION**

Plaintiff moves to remand, arguing that Porsche fails to establish the amount in controversy and Plaintiff's state of citizenship.  (*Id.* at 7-9).  For the reasons stated below, the Court concludes that removal was improper.  Therefore, Plaintiff's Motion is **GRANTED**.

**A. <u>Amount in Controversy</u>**

On the central issue of alleged damages, Plaintiff contends that Porsche has failed to establish the requisite amounts in controversy of $75,000 for diversity jurisdiction purposes.  (Mot. at 7–8).

**a)  Actual Damages**

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  This reduction, i.e., mileage offset, is calculated as follows:

Number of Miles Drive Between Purchase & First Repair Attempt / 120,000 Miles = Use Offset Multiplier

Purchase Price x Use Offset Multiplier / Use Offset Deduction → Purchase Price - Use Offset Deduction / Restitution

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021).

Under the Song-Beverly Act, actual damages should be reduced by additional statutorily provided offsets, including: (1 the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff . . . from third parties, except for optional purchases for dealer-supplied equipment or services;"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id*. § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the purchase price of the 2022 Porsche Taycan ("Subject Vehicle") was $73,032.80.  (Ex. C, Dkt. No. 1-3, at 1).  Because the Vehicle had 19,198 miles before Plaintiffs purchased it and 23,108 miles when Plaintiffs first delivered the Subject Vehicle to the dealership for repair, Plaintiffs traveled a total of 3,910 miles in the Subject Vehicle.  (Opposition, Declaration of Lejla Kurtz ("Kurtz Decl.") ¶ 3).  Dividing this number by 120,000 derives a use offset multiplier of 0.032583.  Multiplying the use offset multiple by the purchase price of the Vehicle—$73,032.80—results in an estimated mileage offset of $2,379.65.  (*Id*.).  Therefore, Defendant showed evidence that the actual damages at issue is $70,653.15 ($73,032.80 – 2,379.65).

**b) Civil Penalties**

Under the Song-Beverly Act, damages may include a civil penalty "which shall not exceed two times the amount of actual damages."  Cal. Civil. Code § 1794(c).  Civil penalties are only available in certain circumstances when either: (1) the defendant's violation was willful; or (2) the violation concerns a new vehicle under Cal Civ. Code section 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process.  Cal Civ. Code §§ 1794(c), 1794(e).  District courts are spilt on whether civil penalties should be included in the amount in controversy when a plaintiff's allegations of willful infringement are conclusory.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) ("[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy"); *see also* Castillo v. FCA USA, LLC, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant failed to provide any specific argument or evidence for including a civil penalty in the amount in controversy); *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ( "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."); *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023) ("District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("There is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."); *Luna v. BMW of N. Am., LLC,* 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

Here, Plaintiff does not dispute that he seek civil penalties of two times the actual damages. (Mot. at 7–8).  Rather, Plaintiff argues that Porsche "failed to make any showing whatsoever of the amount or likelihood of civil penalties in this case, which cannot simply be assumed." (Mot. at 7).  The Court disagrees that Defendant's estimate of civil penalties is speculative.  And while district courts are spilt on whether civil penalties may be considered when determining the amount in controversy, some courts have found damages to be properly included, even upon conclusory allegations.  *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy"); *see also Brady v. Mercedes-Benz USA*, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy"); *Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *Lee v. FCA US*, LLC, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

Notwithstanding the split among district courts, the Court finds the arguments in favor of including civil penalties in the amount in controversy calculation more persuasive. "[T]he amount of controversy analysis may include civil penalty damages as long as they are recoverable under state law." *Zeto v. BMW of N. Am., LLC*, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020 (*citing Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). Civil penalty damages under the Song-Beverly Act are akin to punitive damages. *Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *3 (S.D. Cal. May 21, 2018)). Because punitive damages are included in the amount in controversy, "it follows . . . that the civil penalties sought here should be included in the amount in controversy." *Potts v. Ford Motor Co.*, 2021 WL 2014796, at *5 (S.D. Cal. May 20, 2021). While courts generally scrutinize punitive damages when they make up a significant portion of the amount in controversy, "not much scrutiny is needed when the Song-Beverly Act expressly states the contours of damages, and Plaintiff requests that amount." *Zeto*, 2020 WL 6708061, at *4. Accordingly, the Court will include the civil penalty in its calculation of the amount in controversy. To calculate the civil penalty, the Court doubles the amount of restitution. The amount in dispute for the civil penalty is thus approximately $141,306.30 ($70,653.15 x 2). Combining actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

damages and civil penalties, Defendant has established an amount in dispute of at least $211,959.45 ($70,653.15 + $141,306.30).  Accordingly, Porsche has demonstrated by a preponderance of the evidence that the amount in controversy under the Song-Beverly claims is met for this Court to exercise jurisdiction over this matter.

### B.  State of Citizenship

Plaintiff also argues that Porsche's "general allegation about Plaintiff's domicile is insufficient to establish Plaintiff's domicile."  (Mot. at 9).  The Court agrees but admonishes Plaintiff for coyly evading addressing his own citizenship.[1]  Porsche's Counsel merely states that "Based on [her] review of the file materials in this case, Plaintiff Miajudith Viray resides in Santa Clarita, CA."  (Kurtz Decl. ¶ 5).  This conclusory allegation is insufficient evidence to establish domicile.

Porsche fails to offer any evidence for the Court to assess Plaintiff's state of domicile.  *See Bengtsson v. Caris MPI, Inc.*, 2022 WL 2764367, at *2 (C.D. Cal. July 13, 2022) ("A determination of domicile involves a number of factors including: (1) current residence; (2) voting registration and voting practices; (3) location of personal and real property; (4) location of spouse and family; (5) membership in unions and other organizations; (6) place of employment or business; (7) driver's license and automobile registration; and (8) payment of taxes").  Porsche has failed to submit persuasive evidence showing that Plaintiff resides in California and therefore is a citizen of California.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (noting a domicile is one's "permanent home, where [he/she] resides with the intention to

---

[1] While the Court suspects Plaintiff's silence is a strategic choice to avoid confirming her domicile and that she is, in fact, a citizen of California, we cannot do the Defendant's work for them.  Defendant has the burden to put forth evidence demonstrating Plaintiff is domiciled in the State of California in order for the Court to exercise jurisdiction here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

remain or to which [he/she] intends to return."); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed.").  Accordingly, this element of diversity jurisdiction has not been satisfied.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion.  This matter is hereby **REMANDED** to Superior Court of California, County of Los Angeles, because the Notice fails to offer a proper basis for removal.


**IT IS SO ORDERED.**